UNITED STATES DISTRICT COURT              CASE NO.
EASTERN DISTRICT OF NEW YORK
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

                Plaintiff,

-against-                                    **COMPLAINT**

                                                     **ACTION TO FORECLOSE**
                                                       **A MORTGAGE**

Simona Hajkova-Thompson aka Simona Hajkova
Thompson;  The Estate of Marion E. Young, deceased;
Hamburger, Maxson, Yaffe, Knauer & McNally, LLP;
Robert J. Mozer; Teresa A. Mozer; "JOHN DOE #1-5"
and "JANE DOE #1-5", said names being fictitious, it
being the intention of plaintiff to designate any and all
occupants, tenants, persons or corporations, if any, having
or claiming an interest in or lien upon the premises being
foreclosed herein,
                Defendants

The plaintiff herein, by its attorney MANFREDI LAW GROUP, PLLC, complains of the defendants above named, for its cause of action, and alleges:

1. This court has jurisdiction under the provisions of Title 28, United States Code, Section 1345.

2. That the Plaintiff U.S. Dept. of Housing & Urban Development, Office of Counsel, has offices at 301 N.W. 6th St., Ste. 200, Oklahoma City, OK 73102-2807.

3. This action is brought on behalf of The Secretary of Housing and Urban Development (hereinafter "HUD"), an agency of the United States of America to foreclose on a Home Equity Conversion Mortgage (hereinafter "HECM") also known as a reverse mortgage, which program is regulated and set forth in 24 CFR Part 206, et seq. and all subsequent

handbooks (4330.1 REV-5), mortgagee letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development.

4. The purpose of this program is set forth in 24 CFR § 206.1, as set out in "section 255(a) of the National Housing Act, Public Law 73 – 479, 48 STAT. 1246 (12 U.S.C. 1715z-20;" being further regulated by handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

## COUNT I - MORTGAGE FORECLOSURE

5. Plaintiff reasserts and realleges Paragraphs 1- 4 as if fully set forth herein.

6. Pursuant to program requirements, Marion E. Young, now deceased, (hereinafter THE "NOTEMAKER") was duly counseled regarding the United State's Home Equity Conversion Mortgage ("HECM") loan program prior to execution of the note and mortgage that are the subject of the within action.

7. A redacted copy of the death certificate of Marion E. Young is attached as Exhibit A.

## THE MORTGAGE

8. On or about December 6, 1993 Marion E. Young executed and delivered to Home Mortgagee Corporation and Adjustable Rate Note (hereinafter referred to as the "Note") and, as collateral of aforesaid Note, a Mortgage (hereinafter "the Mortgage") in the amount of $151,725.00. The Mortgage was recorded in the Suffolk County Clerk's Office on 1/3/1994 in Liber: 18754 Page: 057. A Correction Mortgage in the amount of $227,587.50 was recorded in 3/2/1994 in Liber: 18781 Page: 554 to correct/amend the Mortgage recorded on 1/3/1994.

9. A copy of the Note and Mortgage is annexed hereto as Exhibit B.

10. The mortgaged premises is 6 Oakleaf Court, Northport, NY 11768.

## ASSIGNMENTS OF MORTGAGE

11. The Mortgage was assigned to Seattle Mortgage Company by assignment dated 6/29/2001 and recorded on 10/30/2001 in Liber: M00019964 Page: 212 of the Suffolk County Clerk's Office. A Corrective Assignment of Mortgage dated 4/7/2017 was recorded on 6/28/2017 in Liber: M00022830 Page: 455 of the Suffolk County Clerk's Office to include reference to the Correction Mortgage which was not present in the previous assignment.

12. A copy of the assignment and corrective assignment to Seattle Mortgage Company is attached as Exhibit C.

13. Seattle Mortgage Company assigned the Mortgage to Home Mortgagee Corporation by gap assignment dated 4/7/2017 and recorded on 6/28/2017 in Liber: M00022830 Page: 456 of the Suffolk County Clerk's Office.

14. A copy of the assignment to Home Mortgagee Corporation is attached as Exhibit D.

15. Home Mortgagee Corporation assigned the Mortgage to Federal National Mortgage Association by assignment dated 4/7/2017 and recorded on 6/28/2017 in Liber: M00022830 Page: 457 of the Suffolk County Clerk's Office.

16. A copy of the assignment to Federal National Mortgage Association is attached as Exhibit E.

17. Federal National Mortgage Association assigned the Mortgage to the Secretary of Housing and Urban Development ("HUD") by assignment dated 4/7/2017 and recorded on 6/28/2017 in Liber: M00022830 Page: 458 of the Suffolk County Clerk's Office.

18. A copy of the assignment to HUD is attached as Exhibit F.

19. Plaintiff is the owner and holder of the Mortgage and Note with endorsement to HUD. The Plaintiff has the authority to institute this mortgage foreclosure as owner and holder of the subject Mortgage and Note.

20. There have been no prior proceedings, at law or otherwise, to collect or enforce the Note and Mortgage.

## THE NOTEMAKER'S DEFAULT

21. Pursuant to paragraph ¶7(a) of the Note, titled: IMMEDIATE PAYMENT-IN-FULL the Plaintiff may require immediate payment in full of principal and accrued interest upon the event of death of the Borrower / Notemaker and the mortgaged premises is not the principal residence of a surviving borrower. ¶7(a) Exhibit B.

22. The Notemaker Marion E. Young died on 11/20/2010. Exhibit A.

23. The mortgaged premises is not occupied by a surviving borrower.

24. Based on a property inspection conducted on December 4, 2021, the mortgaged premises is vacant and abandoned.

25. A copy of the affidavit of property inspection is attached as Exhibit G.

26. The death of Marion Young and non-occupancy of 6 Oakleaf Court, Northport, NY 11768 is the event of default and triggers HUD's right to foreclose and collect payment of all outstanding amounts due on the Note by execution of a judgment of foreclosure and sale. ¶9(a) Mortgage, Exhibit B.

27. By reason of the event of default, the Plaintiff elected and hereby elects to declare the entire sum under the Note to be due and payable. ¶7(a) Note, Exhibit B.

28. There is now justly due and payable to the Plaintiff, as of August 23, 2021 together with interest on the principal and all advances, if any, on the Note the following sums:

> Principal: $228,867.58
>
> Accrued Interest through 8-23-2021: 212,779.62 (additional interest accruing at a rate of $29.13 per day)
>
> Service charge: $9,990.00
>
> Mortgage Insurance Premium: $36,073.96

29. Upon information and belief, Plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefore, together with interest thereon.

30. The Plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

31. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Notes and Mortgages or any part thereof.

<u>THE DEFENDANTS</u>

32. Simona Hajkova-Thompson aka Simona Hajkova Thompson is included as a defendant as the record owner of the mortgaged premises. Simona Hajkova-Thompson aka Simona Hajkova Thompson became owner by deed dated 2/14/2011 and recorded on 3/16/2011 in Liber: D00012654 Page: 238, and corrective deed dated 6/21/2011 and recorded on 7/14/2011 in Liber: D00012665 Page: 414 of the Suffolk County Clerk's Office.

33. The Estate of Marion E. Young, deceased, is a necessary party defendant as prior record owner and obligor under the Note secured by the Mortgage recorded on 01/03/1994 in

Liber 18754 Page 057 as corrected by a Correction Mortgage recorded on 03/02/1994 in Liber 18781 Page 554 as assigned in Liber M00019964 Page 212, Liber M00022830 Page 455, Liber M00022830 Page 456, Liber M00020895 Page 833, Liber M00022830 Page 457, Liber M00020895 Page 834 and in Liber M00022830 Page 458.

34. Hamburger, Maxson, Yaffe, Knauer & McNally, LLP is a defendant in this lawsuit as possible subordinate lienor by virtue of judgment in the amount of $3,334.57 against Simona Hajkova Thompson, recorded on 09/30/2011, Index No. 2011-30455.

35. Robert J. Mozer was a co-trustee of the Marion E. Young Revocable Living Trust and is included as a necessary party defendant as possible subordinate lienor by virtue of judgment in the amount of $4,358.51 against Simona Hajkova Thompson, recorded on 10/20/2011, Index No. 2011-32793.

36. Teresa A. Mozer was a co-trustee of the Marion E. Young Revocable Living Trust and is a necessary party defendant as possible subordinate lienor by virtue of judgment in the amount of $4,358.51 against Simona Hajkova Thompson, recorded on 10/20/2011, Index No. 2011-32793.

37. The true names of the defendants "JOHN DOE #1-5" and "JANE DOE #1-5" are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the mortgaged premises or any portion thereof.

38. The "Mortgaged Premises" situated in the County of Suffolk to be foreclosed herein is described herein as Schedule "A":

    Premises: 6 Oakleaf Court, Northport, NY 11768
    Section: District: 0400 Section: 061.00 Block: 01.00 Lot: 028.000

39. The Plaintiff is exempt from complying with the 90-day notice provisions of RPAPL §§ 1304 and 1306 because the mortgaged premises is vacant.

40. Notwithstanding, 90-day notice was mailed on August 30, 2021 by first class and certified mail to the mortgaged premises. <u>Exhibit H.</u>

41. First class mailing and certified mailing was returned undeliverable. <u>Exhibit H.</u>

42. The mortgaged premises 6 Oakleaf Court, Northport, NY 11768 is vacant. <u>Exhibit G.</u>

43. The Plaintiff is not seeking a deficiency judgment.

44. The Plaintiff is not seeking attorneys' fees in this foreclosure lawsuit.

45. The Plaintiff is seeking a judgment of foreclosure and sale only.

**WHEREFORE,** Plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in the mortgaged premises;

(b) that the mortgaged premises 6 Oakleaf Court, Northport, NY 11768 as shown in annexed Schedule A may be decreed to be sold as provided by New York Real Property Actions and Proceedings Law;

(c) That the priority of liens against the real property be determined by the Court, and the proceeds of the sale of said property, after proper court costs, be distributed among the owners and holders of liens against said property in the order of priority thereof as determined by the Court; and

(d) That the total amount due to the Plaintiff on the NOTE and MORTGAGES as described herein be adjudged;

(e) That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same; and

(f) That the Plaintiff may have such other and further relief which as to this Court may seem just, reasonable and proper.

Dated: January 6, 2022

*/s/ John Manfredi*
John Manfredi, Esq.
Manfredi Law Group, PLLC,
Attorney for Plaintiff
302 East 19th Street, Suite 2A
New York, New York 10003
Telephone No. (347) 614-7006

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situated, lying and bear near Fort Salonga, Township of Huntington, County of Suffolk, and State of New York, known and described as Lot Number Three (3) on map entitled "Map of Surrey Ridge" said map being duly filed in the Office of the County Clerk of Suffolk County on September 21, 1939 as File Number 1295.

Premises:              6 Oakleaf Court, Northport, NY 11768
Tax Parcel ID No.:     District: 0400 Section: 061.00 Block: 01.00 Lot: 028.000